UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Douglas E. Frost and
Jennifer A. Frost

   v.                                            Civil No. 18-cv-1094-PB

State of New Hampshire

**REPORT AND RECOMMENDATION**

Plaintiffs Douglas E. Frost and Jennifer A. Frost initiated this case, brought pursuant to 42 U.S.C. § 1983, by filing a "Petition for Ex-Parte Injunction" (Doc. No. 1). Naming the State of New Hampshire as the defendant, plaintiffs seek an order preventing the issuance and/or execution of a writ of possession in a state court landlord-tenant action in which the Frosts are defendants, Parker v. Frost, No. 458-2018-LT-00163 (N.H. Cir. Ct., 9th Cir.-Dist. Div.-Milford) ("Parker").

The court has construed the plaintiffs' petition as a complaint in a new civil action seeking a temporary restraining order ("TRO") and preliminary and permanent injunctive relief. The district judge denied plaintiffs' request for a TRO and referred the matter to the undersigned magistrate judge for a Report and Recommendation ("R&R") as to plaintiffs' request for a preliminary injunction. See Nov. 27, 2018 Order (Doc. No. 3); Nov. 28, 2018 Order (Doc. No. 4). Because plaintiffs are proceeding pro se and in forma pauperis, the complaint is also

before the court for preliminary review under LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

## Background

In October 2018, the Frosts' landlord brought an action against the Frosts in state court, seeking a writ of possession for nonpayment of rent. See Parker (Index No. 1). On November 13, 2018, the state court issued an Order in that matter granting the Frosts' landlord a writ of possession. See id. (Index No. 10); Doc. No. 1, at 8.[1] On November 14, 2018, the court sent the parties notice of the November 13, 2018 order, with a copy of that order. See Doc. No. 1, at 7.

Plaintiffs allege that on November 21, 2018, they attempted to file a "Notice of Intent to Appeal" in the state court, as required by, and in compliance with, N.H. Rev. Stat. Ann. ("RSA") § 540:20.[2] Plaintiffs allege that the state court clerk refused to accept the Frosts' Notice of Intent to Appeal based on the clerk's incorrect calculation of the seven-day period for

---

[1]The state court's November 13, 2018 order is docketed in Parker as having issued on November 14, 2018, but the order itself, a copy of which plaintiffs have attached to the complaint, is dated November 13, 2018. See Doc. No. 1, at 8.

[2]RSA § 540:20 states, in pertinent part, that "[a]ny party to [a landlord-tenant] action . . . shall, within 7 days of the date of the notice of judgment, file in the district court a notice of intent to appeal to the supreme court."

2

filing that document, and resulting conclusion that the Notice of Intent to Appeal had to be filed by November 20, 2018.

The Frosts then filed this action, challenging the constitutionality of RSA § 540:20.  Plaintiffs assert that RSA § 540:20 "as written prevented [the plaintiffs] from filing a timely Notice of Appeal. . ., in that the Clerk of such stated court in her interpretation of the law arbitrarily prohibited the plaintiff[s] from filing there [sic] Notice of Appeal," in violation of their Fourteenth Amendment due process rights.[3]  Doc. No. 1, at 2.  Plaintiffs seek injunctive relief "stopping the issuance of any Possessory Action relative to [Parker] until the plaintiff can obtain concurrance [sic] from the court on the matters of law contained within the present civil action."  Id. at 4.

**Discussion**

I.  Preliminary Review

   A.  Standard

The court may dismiss claims asserted in a complaint filed in forma pauperis, if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In

---

[3]Plaintiffs also assert, without explanation, a violation of their Eleventh Amendment rights.  The Eleventh Amendment, however, is not a source of privately enforceable rights.

3

determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### B.   Eleventh Amendment Immunity

The only defendant the Frosts have named to this 42 U.S.C. § 1983 action is the State of New Hampshire.  The Eleventh Amendment bars this court from hearing claims for damages and injunctive relief asserted against the state.  See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015).  Accordingly, the district judge should dismiss this action, without prejudice to the plaintiffs' ability to file a new lawsuit, naming one or more appropriate defendants who are not immune from their claims.

## II.  Preliminary Injunction

In their complaint, the Frosts seek preliminary injunctive relief to prevent the issuance or execution of a writ of

4

possession in Parker.  "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  Demonstrating a likelihood of success on the merits is a prerequisite to obtaining preliminary injunctive relief.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest," preliminary injunctive relief is properly denied without further analysis).

As explained above, the plaintiffs have failed to state a claim in this action upon which relief can be granted.  Accordingly, they have failed to show a likelihood of success on the merits of their federal claims.

Even if plaintiffs had named a proper defendant, plaintiffs have failed to demonstrate that irreparable harm will result if the court does not issue the requested injunction.  This court does not sit as a court with authority to review the Circuit Court's decision to issue a writ of possession.  Plaintiffs, who do not appear to have filed any post-judgment action in the Circuit Court seeking judicial relief from the court clerk's

decision, or any action in the New Hampshire Supreme Court relating to the matters underlying this case, have not shown that any relief this court could provide would avert any irreparable harm, for which they lack any adequate remedy at law.  Accordingly, the district judge should deny their request for a preliminary injunction.

### Conclusion

For the foregoing reasons, the district judge should deny the plaintiffs' request for preliminary injunctive relief and dismiss this action in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2); LR 7.2(d).  The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea Johnstone
United States Magistrate Judge

April 5, 2019

cc: Douglas E. Frost, pro se
    Jennifer A. Frost, pro se